AO 245D (CASD) (Rev. 8/11) Judgment in a Criminal Case for Revocations
Sheet 1



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| BLAINE KYLE HOPE [1] | (For Offenses Committed On or After November 1, 1987) |

Case Number: 09CR3172-BTM

NORMA AGUILAR, FEDERAL DEFENDERS, INC.
Defendant's Attorney

REGISTRATION No. 16174298

THE DEFENDANT:
☒ admitted guilt to violation of allegation(s) No. 2-3

☐ was found in violation of allegation(s) No. _____ after denial of guilt.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following allegation(s):

| Allegation Number | Nature of Violation |
|---|---|
| 2 | Failure to submit monthly report. |
| 3 | Failure to report as directed |

__Supervised Release__ is revoked and the defendant is sentenced as provided in pages 2 through __2__ of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

FEBRUARY 7, 2014
Date of Imposition of Sentence

HON. BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

09CR3172-BTM

AO 245B (Rev. 9/00) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 2

DEFENDANT: BLAINE KYLE HOPE [1]
CASE NUMBER: 09CR3172-BTM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

THREE (3) MONTHS.

BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant serve part of his sentence at a Residential Reentry Center in Los Angeles, California.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

09CR3172-BTM

AO 245D (CASD) (Rev. 8/11) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page __3__ of __2__

DEFENDANT: BLAINE KYLE HOPE [1]
CASE NUMBER: 09CR3172-BTM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

09CR3172-BTM

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
          Sheet 4 — Special Conditions

Judgment—Page __4__ of __2__

DEFENDANT: BLAINE KYLE HOPE [1]
CASE NUMBER: 09CR3172-BTM

# SPECIAL CONDITIONS OF SUPERVISION

☐ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ Participate in a program of drug or alcohol abuse treatment including testing and counseling, with at least 1 to 8 tests per month and 1 to 8 counseling sessions per month as directed by the probation officer.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer, except to reside in Mexicali, Mexico.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription, under Federal Law.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer. The Court authorizes the release of the pre-sentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant shall consent to the release of evaluations and treatment information to the probation officer and the Court by the mental health provider.

☐ The defendant shall not discontinue mental health medication without written permission of his Doctor.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days commencing upon release. This is a non-punitive placement. This condition terminates upon entry into a residential drug treatment program.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Abstain from all use of Alcohol.

☐ Complete an Anger Management Program as directed by the Probation Officer within 18 months of release.

☐ The defendant shall complete the "Volunteers of America" detox program.

☐ Forthwith Apply for enter and successfully complete a residential drug treatment Program as directed by the Probation Officer.

☐ If deported, excluded, or allowed to voluntarily leave the United States, obey all laws federal, state and local and not reenter the United States illegally and report to the probation officer within 72 hours of any reentry to the United States; the other conditions of supervision are suspended while the defendant is out of the United States after deportation, exclusion, or voluntary departure.

09CR3172-BTM